José G. CANDELARIO, Petitioner and Appellee, v. PENSION BOARD, ETC., Respondent and Appellant.

No. 5878. Argued February 7, 1933.—Decided July 19, 1933.

*Charles E. Winter, Attorney General, A. Ortiz Toro, Assistant Attorney General,* and *F. Janer, Deputy Attorney General,* for appellant. *Juan B. Soto* and *J. Iglesias* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

José G. Candelario in a mandamus proceeding obtained a decree from the District Court of San Juan ordering the Pension Board to permit the retirement of the petitioner with the pension that the law affords. The board declined to permit the petitioner to retire, but the District Court of San Juan comments on the fact that it gave no reason. On appeal the government maintains that the evidence before the board was not sufficient to show the incapacity of the petitioner, as such incapacity should be proved under the law.

It transpired that the board required certificates from doctors as to the supposed incapacity of the petitioner. The whole case depends on the construction to be put upon the reports of the physicians who examined him. The appellant maintains that these reports contained conclusions of law. To this contention the court replied that the reports were made on printed blanks requiring specific answers. These blanks were furnished by the board. In the examination of Dr. Marcos A. Manzano one of the questions, No. 18, was: "Is the applicant partially or totally and permanently disabled to perform the duties of his office or work?" The answer was, "Yes, by reason of his poor health." The answer of Dr. González to the same question was, "Yes."

We agree with the appellant that some of the other answers do not show an extreme case of bad health that would necessarily incapacitate a man from performing his work. In a case of this kind, however, the conclusions of a doctor are not to be considered like the giving of evidence in a trial. They are experts and like all experts their opinions have a value in themselves. Their conclusions are not mere conclusions of law. Section 6 of Act 104 of 1925 (Session Laws, p. 952) as we read it, does not require that a person should be totally incapacitated in order to be entitled to

a pension. It is apparently enough from the act that an applicant be partially or totally incapacitated in the opinion of the physicians who examine him.

Perhaps the Board of Pensions is not, as the appellant maintains, bound by the reports of the doctors, but the reports were all the court below had before it. The court discretionally, it may be, was not bound to follow the reports. The case was submitted on that evidence and we find no error.

The judgment appealed from will be affirmed.